IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES STEADMAN, JR., as Personal )
Representative of the Estate of )
ROBERT EUGENE JONES, Deceased )
    Plaintiff, )
     )
v. )      CASE NO CV 2:09CV773-
     )
KV PHARMACEUTICAL COMPANY, )
And ETHEX CORPORATION )
     )
    Defendants. )

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR

THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION:

    Defendants KV Pharmaceutical Company ("KV") and ETHEX Corporation ("ETHEX")

file their notice of removal pursuant to 28 U.S.C. § 1441(a), removing the above-styled cause

from the Circuit Court of Barbour County, Alabama, Clayton Division, to the United States

District Court for the Middle District of Alabama, Northern Division and, as grounds for said

removal, state as follows:

### This Notice of Removal is Timely and Properly Filed

    1.    Plaintiff James Steadman, Jr., as personal representative of Robert Jones,

deceased, filed this lawsuit in the Circuit Court of Barbour County, Clayton Division, on May

13, 2009.  Plaintiff filed suit against Defendants KV and ETHEX asserting claims under the

Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"), along with claims for

negligence, wantonness, breach of express warranty and breach of implied warranty.  Plaintiff's

claims for negligence, wantonness and under the AEMLD seek punitive damages only, alleging

1

that KV and ETHEX wrongfully caused the death of Robert Jones.  Plaintiff's breach of express and implied warranty claims seek compensatory damages for alleged pain and suffering suffered by Robert Jones prior to his death.

2.      A true and correct copy of all process, pleadings and orders served upon KV and ETHEX, as well as all papers or exhibits of every kind on file with respect to this action in the state court, are attached hereto as Exhibit A.

3.      Defendant KV was served on or about May 21, 2009, while  Defendant ETHEX was served on or about May 27, 2009.

4.      As plead, the Complaint does not seek a specified amount of damages, instead seeking compensatory and punitive damages against both Defendants in an amount to be determined by the jury.

5.      Under the authority of *Lowery v. Alabama Power Company*, 483 F.2d 1184 (11th Cir. 2007), the case as plead was not initially removable.  In order to determine whether federal jurisdiction existed, ETHEX served discovery requests on the Plaintiff.  [Exhibit B].  Included in these discovery requests were several Requests for Admission, asking the Plaintiff to admit he was seeking less than $75,000, exclusive of interest and costs, in this lawsuit.  [Exhibit B, Requests for Admission No. 1-8].

6.      On July 17, 2009, Plaintiff responded to this discovery and denied the specific Requests for Admission which asked Plaintiff to admit that he was seeking less than $75,000, exclusive of interest and costs.  [Exhibit C, Requests for Admission No. 1-8].

7.      In order to further confirm that the Plaintiff was in fact seeking more than $75,000, exclusive of interest and costs, on July 22, 2009, undersigned counsel sent to counsel for Plaintiff an offer of judgment allowing the Plaintiff to take a judgment against both

defendants, jointly and severally, in the amount of $76,000 plus costs incurred in this action. [Exhibit D]. The Plaintiff did not respond to Defendants' offer of judgment, therefore rejecting it.

8.     Because this case was not initially removable based upon the allegations of Plaintiff's complaint, this Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within thirty days of Defendants' receipt of "other paper" (Plaintiff's Responses to Ethex's Request for Admissions)[1] from which Defendants were able to first ascertain that this case was removable.

### This Court has Jurisdiction Pursuant to 28 U.S.C. § 1332(a)(1)

9.     The parties to this case are citizens of different states.

     a.     The deceased, Robert Jones, was a resident citizen of the State of Alabama at the time of his death. [Complaint, ¶ 1]. Likewise, Plaintiff James Steadman, Jr. is a resident citizen of the State of Alabama. [Complaint, ¶ 2].

     b.     Defendant KV is a Delaware corporation with its principal place of business in the State of Missouri.

     c.     Defendant ETHEX is a Missouri corporation with its principal place of business in the State of Missouri.

10.     The $75,000 amount in controversy requirement is met.

---

1 A plaintiff's denial of requests for admission regarding the amount in controversy constitutes "other paper" under 28 U.S.C. § 1446. *See Robinson v. GE Capital Mortg. Services, Inc.*, 945 F.Supp. 1516, 1518 (M.D.Ala. 1996) (finding that plaintiff's denial of requests for admission regarding amount in controversy constituted "other paper" under 28 U.S.C. §1446 and, therefore, defendant's removal was timely when filed within thirty days of receipt of plaintiff's denials).

a.      Plaintiff did not make a specific dollar demand for damages in the Complaint. Instead, Plaintiff sought compensatory damages in an unspecified amount for Robert Jones' pain and suffering prior to his death as well as an unspecified amount of punitive damages from the Defendants for allegedly causing Robert Jones' death.

b.      In order to determine whether federal jurisdiction existed, Defendant ETHEX served discovery on Plaintiff requesting that Plaintiff admit that he was seeking less than $75,000, exclusive of interest and costs, in this action. [Exhibit B, Requests for Admission No. 1-8]. Plaintiff responded by denying these requests for admission. [Exhibit C, Requests for Admission No. 1-8].

c.      In order to confirm that Plaintiff was in fact seeking more than $75,000, exclusive of interest and costs, Defendants jointly made an offer of judgment to Plaintiff in the amount of $76,000, plus costs. [Exhibit D]. Plaintiff failed to respond to this offer within the ten days required by Rule 68, thus resulting in the withdrawal of the offer. Plaintiff's failure to accept Defendants' offer of judgment confirms that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

11.      This Court has original jurisdiction pursuant to 28 U.S.C. §1332 in that complete diversity of citizenship exists between the proper opposing parties and the amount in controversy, exclusive of pre and post judgment interest and costs, exceeds Seventy-Five Thousand and 00/100 ($75,000.00) Dollars.

12.      Venue is proper pursuant to 28 U.S.C. § 1391(a) in that the events giving rise to Plaintiff's claims arose within the district embracing the United States District Court for the Middle District of Alabama, Northern Division.

4

13.    Simultaneously with the filing of the instant Notice of Removal, Defendants KV and ETHEX have given notice of same to counsel for Plaintiff and the Circuit Court of Barbour County, Alabama, Clayton Division.

WHEREFORE, Defendants KV Pharmaceutical and ETHEX Corporation pray that this Court accept its Notice of Removal and make all necessary orders to effectuate the same and that thereafter the Circuit Court of Barbour County, Alabama, Clayton Division, proceed no further in the premises.

Respectfully Submitted:


John A. Henig, Jr. (ASB-2779-N74J)
J. David Martin (ASB-7387-A54J)
COPELAND, FRANCO, SCREWS, & GILL, P.A.
444 South Perry St.
P.O. Box 347
Montgomery, AL 36101
(334)-420-2949 - *telephone*
(334)-834-3172 – *facsimile*

**Counsel for Defendants KV Pharmaceutical
Company and ETHEX Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of August, 2009, I served a copy of the foregoing document upon the following counsel of record by placing same in the United States mail, postage prepaid, and properly addressed as follows:

Jere L. Beasley                                  jere.beasley@beasleyallen.com
Andy D. Birchfield, Jr.                      andy.birchfield@beasleyallen.com
W. Roger Smith, III                           roger.smith@beasleyallen.com
Beasley, Allen, Crow, Methvin,
          Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL  36103-4160

Jimmy Spurlock Calton, Jr.              caltonlaw@eufaula.rr.com
Calton & Calton
P.O. Box 895
Eufaula, AL  36072-0895

_____
Of Counsel