**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **JAMES STEADMAN, JR., as Personal** | * | |
| **Representative of the Estate of** | * | |
| **ROBERT EUGENE JONES, Deceased,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CASE NO. 2:09-CV-00773-MHT** |
| | * | |
| **ETHEX CORPORATION, a foreign** | * | |
| **Corporation and KV PHARMACEUTICAL** | * | |
| **COMPANY, a foreign Corporation;** | * | |
| | * | |
| **Defendants.** | * | |

**<u>PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO REMAND</u>**

Plaintiff, James Steadman, Jr., as Personal Representative of the Estate of Robert Eugene Jones, respectfully requests that this Court enter an order remanding this case to the Circuit Court of Barbour County, Alabama, and hereby submits this brief in support of Plaintiff's Motion to Remand.   Defendants, Ethex Corporation and KV Pharmaceutical Company (hereinafter "Defendants"), have failed to meet their burden of proving by a preponderance of the evidence that the amount in controversy requirement has been met.  As a result, Plaintiff's Motion to Remand is due to be **GRANTED.**

## I. <u>Statement of Facts and Procedural History</u>

This case is about Robert Eugene Jones.  Mr. Jones died on November 13, 2008, after ingesting Isosorbide Mononitrate manufactured by Defendants.  (Complaint, ¶ 15.)  At the time of his death, Mr. Jones was a resident of Barbour County, Alabama.  (Complaint, ¶ 2.)  On November 3, 2008, Mr. Jones was prescribed Isosorbide Mononitrate by his primary care physician.  (Complaint, ¶ 13.)  His prescription was filled with tablets manufactured in lot

number 58177-238-04.   (Complaint, ¶ 13.)   The Isosorbide Mononitrate tablets taken by Mr. Jones were defective and unreasonably dangerous as a result of negligent and/or wanton manufacturing practices which caused the tablets to be double the appropriate strength. (Complaint, ¶ 14.)

On March 2, 2009, the United States District Court for the Eastern District of Missouri issued a Consent Decree ordering Defendants to "destroy:   (1) all drugs in Defendants' possession, custody, and/or control that are the subject of recalls announced by KV from May 2008 through February 3, 2009; and (2) all other drugs in Defendants' possession, custody, and/or control, including all in-process drugs and drug components, as well as finished drugs." This Decree also "permanently restrained and enjoined" the Defendants under 21 U.S.C. § 332(2) from "directly or indirectly, doing or causing: the manufacturing, processing, packing, labeling, holding, introduction or delivery for introduction into interstate commerce at or from any of the KV facilities, of any drug as defined by 21 U.S.C. § 321(g)(1).  (Complaint, ¶ 8.)

On January 28, 2009, Defendants recalled numerous drugs manufactured, processed, packed, labeled, held, and/or distributed by them as a result of manufacturing defects which caused the drugs to be double the appropriate strength, making those drugs defective and unreasonably dangerous.   (Complaint, ¶ 11.)   Included in the product recall was the drug consumed by Robert Jones – Isosorbide Mononitrate 60 mg Extended Release tablets, lot number 58177-238-04, manufactured, processed, packed, labeled, held, and distributed by Defendants. (Complaint, ¶ 12.)

On May 13, 2009, after discovering the cause of Mr. Jones' death, Mr. Steadman, on behalf of Robert Eugene Jones, filed suit in the Circuit Court of Barbour County, Alabama, alleging various claims against Defendants, including failure to warn under the Alabama

Extended Manufacturer's Liability Doctrine ("AEMLD"), negligence, wantonness, and breach of express and implied warranties.  Defendant KV was served on or about May 21, 2009 and Defendant Ethex was served on or about May 27, 2009.  On June 19, 2009, Defendants served Plaintiff with twelve requests for admissions, nine of which concerned the amount in controversy.  On July 17, 2009, Plaintiff responded to Defendants' Requests for Admissions neither admitting nor denying that the amount in controversy exceeds $75,000.  On July 22, 2009, Defendants sent counsel for Plaintiff an offer of judgment for $76,000.  Plaintiff has not responded to Defendants' offer.  On August 14, 2009, 75 days after Defendants were served with the Complaint, Defendants removed this case to this Court based upon "other paper" which Defendants contend proves that the damages sought by Plaintiff exceed $75,000.

The information relied upon by Defendants to support removal is not sufficient to meet Defendants' burden of proving that the requirements of diversity jurisdiction are met.  For the reasons set forth below, this Court lacks subject matter jurisdiction and this case must be remanded to the Circuit Court for Barbour County, Alabama.

## II.  Standard of Review

Federal courts are courts of limited jurisdiction and may only exercise diversity jurisdiction over cases where there is complete diversity between the parties and the amount in controversy exceeds $75,000.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); 28 U.S.C. § 1332(a).  It is incumbent upon the party seeking to remove the action to federal court from state court to establish all of the elements of diversity jurisdiction.  *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007); *Triggs v. John Crum Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  A defendant may remove a case under the first paragraph of 28 U.S.C. § 1446(b) within 30 days of receiving the Complaint if the amount in controversy is

clearly shown on the face of the initial pleading.  If the initial pleading does not clearly and unequivocally state the amount in controversy, the second paragraph of § 1446(b) provides for removal only where "an amended pleading, motion, order, or other paper" clearly shows that the $75,000 threshold of diversity jurisdiction is met.  Where removal is based on diversity jurisdiction, but it is impossible to determine from the face of the removing documents whether the amount in controversy exceeds the jurisdictional requirements set forth in § 1332, the case must be remanded.  *Lowery*, 483 F.3d at 1211.  Because the "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

In cases such as this, where damages are not specified by the plaintiff and there is a dispute as to whether the amount in controversy requirement has been met, "the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery*, 483 F.3d at 1208; *see Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000), *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996); *see also Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) ("Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met.").  The jurisdictional amount must be either stated clearly on the face of the removing documents or readily deducible from them.  *Lowery*, 483 F.3d at 1211.  The evidence presented to support removal must "contain an unambiguous statement that clearly establishes federal jurisdiction." *Id*. at 1215 n. 63.  Otherwise, the federal court must remand the action back to the state court from which it was removed.  *Id*. at 1211; *see Cope v. American Int'l Group*, 2006 WL 317238, at

*1 (M.D. Ala. 2006) (Albritton, Senior J.) ("[T]he Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.").

### III. <u>Argument</u>

28 U.S.C. § 1446(b) governs the procedure for removal of a case to federal court on the basis of diversity jurisdiction.  *See* 28 U.S.C. § 1332.  Specifically, § 1446(b) outlines two potential opportunities to remove a case.  First, if the removal is based upon the claims alleged within a complaint, the Notice of Removal must be filed within 30 days of receiving both the summons and a copy of the complaint.  *Murphy Bros. v. Michetti Pipe Stringling, Inc.*, 526 U.S. 344, 354 (1999); *see* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.").  Second, if the complaint as plead is not initially removable, § 1446(b) further provides for removal within 30 days after receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  § 1446(b).

Regardless of the basis on which a case is removed, the defendant always bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Thus, the Notice of Removal must be supported by documents which clearly and unambiguously show that the jurisdictional requirements of § 1332 are met.

In the case at bar, Defendants did not attempt to remove this case based upon the nature of the allegations within Plaintiff's Complaint.  In fact, Defendants acknowledge in their Notice

of Removal that "the case as plead was not initially removable."  (Notice of Removal, ¶¶ 5, 8.)

Because Defendants did not remove this case within 30 days of service, removal on the basis of

the Complaint at this late juncture would be procedurally defective[1].  Instead, Defendants base

their Notice of Removal on "other paper" which Defendants contend support and satisfy the

jurisdictional threshold of diversity jurisdiction by a preponderance of the evidence.

Specifically, Defendants rely upon Plaintiff's responses to requests for admissions, (attached as

Exhibit 1), and Defendants' offer of judgment for $76,000, to which Plaintiff did not respond

(attached as Exhibit 2).  For the reasons set forth below, neither of these documents is sufficient

to establish jurisdiction.   Accordingly, this case must be remanded to the Circuit Court for

Barbour County, Alabama.

**1. Plaintiff's refusal to concede that damages sought exceed $75,000 is not a statement of fact that supports federal diversity jurisdiction.**

On June 19, 2009, Defendants issued to Plaintiff nine Requests for Admissions, all

addressing the amount in controversy and all framed in the negative.  For example, Request for

Admission 1 reads:

> Admit that your total damages in this case, including all compensatory and punitive
> damages, against all Defendants do not exceed $75,000, exclusive of interest and costs.

(See Exhibit 1, ¶ 1.)   On July 17, 2009, Plaintiff responded to all such requests with the

following statement:

> As discovery is ongoing at this point, a complete computation of damages has not been
> made, and thus Plaintiff is without sufficient information, knowledge or belief as to what
> damages may be awarded in this matter, and can neither admit nor deny this request.

---

[1] Plaintiff acknowledges this Court's recent decision in *Roe v. Michelin North America, Inc.*, in which this Court allowed removal of a claim where damages were not specified, brought under Alabama's Wrongful Death Act, based only upon the allegations plead in the complaint.  2009 WL 2232207 (M.D. Ala. July 28, 2009).  However, in this case, the timeliness of the removal and the sufficiency of the evidence to support the removal 75 days after service of the Complaint are dispositive.  Thus, this Court need not consider its holding in *Roe* in remanding this case to the Circuit Court for Barbour County, Alabama.  *See* argument 3 below.

Plaintiff will seek to enforce any judgment that a fair and impartial jury may award. Further, Plaintiff denies.

(See Exhibit 1, ¶¶ 1-9.)

This is not the first time a defendant has proffered this type of evidence to this Court in an attempt to establish jurisdiction. In *Harmon v. Wal-Mart Stores, Inc.*, Defendant Wal-Mart attempted the exact same maneuver as Defendants here. 2009 WL 707403, at * 3 (M.D. Ala. March 16, 2009). In that case, Defendant Wal-Mart presented the plaintiff with six requests for admissions, all framed in the negative, asking the plaintiff to deny that the amount in controversy was greater than $75,000. *Id.* at *3. This Court held that Defendant Wal-Mart could not "create an end-run around the jurisdictional requirements by forcing a denial of a negative and then claim[ing] the positive is admitted and conclusively determined." *Id.* at *4. This Court further reasoned that "[t]he effect of a denial is not to admit the opposite of the proposition offered for admission, but rather is simply to establish that the matter is in dispute." *Id.* at *4 (citing Fed. R. Civ. P. 36 advisory committee notes, 1970 Amendment (describing the purpose of requests for admission as "to ascertain whether the answering party is prepared to admit *or regards the matter as presenting a genuine issue for trial* ") (emphasis added)); *see O'Meara-Stearling v. Mitchell*, 299 F.2d 401, 404 (5th Cir. 1962) (noting that the purpose of this rule is to provide for admission of matters about which there is no dispute); *see also Gutierrez v. Mass. Bay Transp. Auth.*, 772 N.E.2d 552, 567 (Mass. 2002) ("A denial of a request for admission is not a statement of fact; it simply indicates that the responding party is not willing to concede the issue and, as a result, the requesting party must prove the fact at trial."); Larry Rogers, Jr., *Litigating Tort Cases* § 17:19 (2008) ("Contrary to an admission, a denial of a request for admission requires that the proponent of the fact introduce evidence at the trial of the cause to establish the fact.").

In this case, like in *Harmon*, Plaintiff's denial of Defendants' Requests for Admissions does not establish that the amount in controversy in this case is in excess of $75,000. Rather it establishes that "Plaintiff is not willing to concede the issue and that an amount in excess of $75,000 is in dispute is itself in dispute." *Id*. at *4. As this Court stated, "[r]efusal to concede is not a statement of fact and cannot support jurisdiction." *Id*. at *4.

**2. Plaintiff's lack of response to Defendants' offer of judgment is not an "other paper" and therefore cannot be used as evidence of jurisdiction.**

The only other evidence Defendants submit in their attempt to meet their burden of proof is a copy of an offer of judgment for $76,000 which was sent to Plaintiff's counsel on July 22, 2009. Defendants argue that because Plaintiff failed to respond within 10 days, Defendants own offer of judgment was somehow transformed into "other paper" and is sufficient proof to establish jurisdiction. Defendants' argument fails for several reasons.

First, the offer of judgment was not created by a voluntary act of Plaintiff. This Court stated that "[i]t has long been recognized in this circuit that 'other paper' must be created by a voluntary act of the plaintiff." *Richardson v. Cherokee National Life Ins. Co.*, 2009 WL 1850188, at *3 n. 5 (M.D. Ala. June 26, 2009) (citing *Lowery*, 483 F.3d at 1213 n. 63 (explaining that when removal is under the other paper provision of the second paragraph of § 1446(b), the defendant must have received the other paper from the plaintiff). In this case, Plaintiff has committed no voluntary act with respect to Defendants' offer of judgment. Plaintiff's non-response is not an "other paper" which this Court may evaluate in determining if Defendants have met their burden of proof.

Not only is Defendants' offer of judgment not "other paper," Plaintiff's failure to respond is not unambiguous evidence that the amount in controversy exceeds $75,000. *See Thibodeaux v. Paccar, Inc.*, 592 F. Supp. 2d 1377, 1379 n. 1 (M.D. Ala. 2009) (stating that a plaintiff's

rejection of an offer of judgment "is not unambiguous evidence that the amount in controversy exceeds $75,000"). There are endless reasons why Plaintiff may decline to respond to Defendants' offer, other than the dollar amount. However, the burden is not on Plaintiff to provide an explanation for not responding. Defendants alone bear the burden of persuading this Court through presentation of unambiguous evidence that the jurisdictional threshold is met. For Defendants to assume that the only reason Plaintiff chose not to respond to Defendants' offer is because the amount in controversy is greater than $75,000 requires impermissible speculation. *See Lowery*, 483 F.3d at 1215 (stating that "neither the defendants nor the court may speculate in an attempt to make up for the notice's failings. … The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars."). In this case, Defendants present no factual allegations supporting their bald assertion that Plaintiff's non-response is evidence that the amount in controversy exceeds $75,000. Defendants have failed to meet their burden of proof.

This Court has never recognized an offer of judgment from a defendant as satisfaction of the defendant's burden of proof that the amount in controversy exceeds $75,000. In *Thibodeaux*, the defendant filed a notice of removal on May 29, 2008. 592 F. Supp. 2d at 1379. On June 23, 2009, the defendant mailed the plaintiff an offer of judgment for $76,000. *Id*. The plaintiff never responded. The defendant argued that the plaintiff's failure to accept the offer was evidence of the amount in controversy. *Id*. at 1379 n. 1. This Court disagreed, refusing to consider the plaintiff's non-response to the defendant's offer of judgment because it was post-removal evidence. *Id*. This Court further reasoned that "the Eleventh Circuit requires unambiguous evidence that a case is removable" and a plaintiff's rejection of an offer of judgment "is not unambiguous evidence that the amount in controversy exceeds $75,000." *Id*.

In *Maconeghy v. Cooper Tire & Rubber Co.*, the defendant mailed an offer of judgment for $76,000 to the plaintiffs a few weeks before filing the notice of removal.  2008 WL 4811398 at *1 (S.D. Ala. Nov. 3, 2008).  That court refused to consider the plaintiffs' non-response to the offer of judgment as "other paper" because the defendant had already stated previously that the amount in controversy was apparent from the face of the Complaint.  *Id*. at *2.  Because the amount in controversy had already been determined from the face of the complaint, the "other paper" doctrine was inapplicable.  *Id*. at *3.

In *Jackson v. Select Portfolio Servicing, Inc.*, the plaintiff sent the defendant an offer of settlement for a lump sum payment of $155,000.  2009 WL 2385084 at *1 (S.D. Ala. July 31, 2009).  The defendant removed the case presenting the settlement offer as "other paper" arguing that it clearly showed on its face that the amount in controversy exceeded $75,000.  *Id*. at *3-4.  The court disagreed, explaining that "'[w]hile [a] settlement offer, by itself, may not be determinative, it counts for something.'" 2009 WL 2385084 at *1 (S.D. Ala. July 31, 2009) (quoting *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1097 (11th Cir.1994)).  The court went on to say that "[w]hat it counts for, however, depends on the circumstances.  Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence.  On the other hand, settlement offers that provide 'specific information ... to support [the plaintiff's] claim for damages' suggest the plaintiff is 'offering a reasonable assessment of the value of [his] claim' and are entitled to more weight. *Id*. at *1 (quoting *Golden Apple Management Co. v. Geac Computers, Inc.*, 990 F. Supp. 1364, 1368 (M.D. Ala.1998)).  The court determined that because the plaintiff's settlement offer provided no explanation of how they would support their demand, it was "properly construed as mere posturing" and was not sufficient to prove jurisdiction. *Jackson*, 2009 WL 2385084 at *1.  The

*Jackson* case demonstrates the difference in analysis between an offer of settlement from the plaintiff and an offer of judgment from the defendant. Because an offer of judgment is not received from the plaintiff it cannot be considered "other paper." Further, even if it were considered "other paper," it still would not support jurisdiction because it provides no detail supporting the actual value of the claim.

Because Defendants waived removal of this case based upon the nature of the allegations in the Complaint, and because the documents presented by Defendants to support removal on the basis of "other paper" do not unambiguously show that the amount in controversy exceeds $75,000, this Court lacks jurisdiction and the case must be remanded to the Circuit Court for Barbour County, Alabama.

**3. This Court need not analyze this case in the context of its recent opinion in *Roe v. Michelin North America, Inc.*, as the timeliness of the Notice of Removal and Defendants' failure to support removal with "other paper" sufficient to establish diversity jurisdiction are dispositive of the jurisdictional issue.**

Seventy-five days after Plaintiff served the Complaint against Defendants, Defendants filed their Notice of Removal with this Court seeking removal based solely upon "other paper," which Defendants contend support jurisdiction in this Court. Defendants did not seek removal based upon Plaintiff's allegations in the Complaint. While Plaintiff acknowledges this Court's recent opinion in *Roe v. Michelin North America, Inc.*, Plaintiff contends that this Court need not reach a conclusion based upon an analysis of *Roe* because the timeliness of Defendants' removal and the insufficiency of the "other paper" offered by Defendants to support removal are dispositive of the jurisdictional issue.

In *Roe v. Michelin North America, Inc.*, this Court decided not to remand a case brought under Alabama's Wrongful Death Act because this Court determined that, based on the allegations alone, "the complaint 'unambiguously' reflects that the amount involved is more than

$75,000." 2009 WL 2232207, at *3 (M.D. Ala. July 28, 2009). This Court based that decision on the fact that only punitive damages are allowed under Alabama's Wrongful Death Act and when the action filed is against a large corporation such as Michelin North America, more than $75,000 would be required to punish the defendant or deter it from such conduct in the future. *Id*. at *2.

The decision in *Roe* appears to be a minority position in the Eleventh Circuit and is inconsistent with this Court's previous decision in *Thibodeaux*. In that case, Chief Judge Mark Fuller determined that a defendant may not prove the amount in controversy in a claim brought under Alabama's Wrongful Death Act simply based on the nature of the complaint. *Thibodeaux*, 592 F. Supp. 2d at 1380. This Court reasoned that because "the measure of damages in an Alabama wrongful death claim is not the value of human life but rather the wrongfulness of the defendant's conduct," and at the time of removal, no evidence was before the court of the defendant's culpability, the amount in controversy was not proved by a preponderance of the evidence and the case must be remanded back to state court. *Id*. at 1380-81 (citations omitted).

Assuming *arguendo* that an analysis of *Roe* is determinative, Plaintiff would urge this Court to remand this case in accordance with the binding precedent set forth by the United States Court of Appeals for the Eleventh Circuit in *Lowery* and its progeny. Under *Lowery*, the defendant bears the burden of proving that the amount in controversy exceeds $75,000. This burden can only be met by presenting to the court removing documents which clearly show, or from which it is readily deducible, that the jurisdictional threshold is met. In this case, Plaintiff does not demand a specific amount in the Complaint. Defendants agree that this case is not removable on the basis of the Complaint. Instead, Defendants present two documents to this Court as "other paper." The first document, Plaintiff's responses to Defendants' requests for

admissions, is "other paper" but it proves nothing other than that the amount in controversy is in dispute.  The second document, Defendants' offer of judgment, is not "other paper" and even if it was, it also would be insufficient to prove by a preponderance of the evidence that this Court has jurisdiction.  Under *Lowery*, because the Defendants have failed to meet their burden of proving that the jurisdictional requirements of § 1332 are met, this Court lacks subject matter jurisdiction and must remand this case to the Circuit Court for Barbour County, Alabama.

## <u>CONCLUSION</u>

Defendants have failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Defendants waived removal on the basis of the initial pleading by not filing their Notice of Removal within 30 days of receipt of the Complaint as required by § 1446(b).  The "other paper" presented to this Court does not provide unambiguous evidence that this Court has diversity jurisdiction over this case.  For these and the foregoing reasons, this action must be remanded to the Circuit Court of Barbour County, Alabama, pursuant to 28 U.S.C. § 1447(c).

Respectfully submitted this 1st day of September, 2009,

/s/ W. Roger Smith, III
W. ROGER SMITH, III (SMI257)
ANDY D. BIRCHFIELD, JR. (BIR006)
JERE L. BEASLEY (BEA020)

**Attorneys for Plaintiff**

OF COUNSEL:

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone:  (334) 269-2343
Fax:  (334) 954-7555

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that foregoing document was filed electronically on this 1st day of September, 2009 by uploading the same to the Court's CM/ECF system which will send a Notice of Electronic Filing upon counsel of record.


/s/ W. Roger Smith, III
OF COUNSEL