IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JAMES STEADMAN, JR., as Personal Representative of the Estate of Robert Eugene Jones, Deceased,<br><br>    Plaintiff,<br><br>    v.<br><br>ETHEX CORPORATION, a Foreign Corporation, and KV PHARMACEUTICAL COMPANY, A Foreign Corporation,<br><br>    Defendants. | CIVIL ACTION NO.<br>2:09cv773-MHT<br>(WO) |

OPINION AND ORDER

Plaintiff James Steadman, Jr., as personal representative of the estate of Robert Eugene Jones, deceased, filed a motion to remand this wrongful-death lawsuit back to state court. The motion will be granted.

Steadman brought this lawsuit against defendants Ethex Corporation and KV Pharmaceutical Company in state court, charging them with state-law claims for

negligence, wantonness, breach of express warranty, and breach of implied warranty along with a claim under the Alabama Extended Manufacturer's Liability Doctrine. Ethex and KV Pharmaceutical then removed this lawsuit to this court based on diversity-of-citizenship jurisdiction. 28 U.S.C. §§ 1332, 1441.

A defendant seeking removal pursuant to diversity-of-citizenship jurisdiction must show, first, that the plaintiff and the defendant are citizens of different States (which Steadman concedes). Second, where damages have not been specified by the plaintiff, the defendant must show by a preponderance of the evidence that the $ 75,000 amount-in-controversy requirement is met. Lowery v. Alabama Power Co., 483 F.3d 1184, 1209-11 (11th Cir. 2007), cert. denied, 128 S.Ct. 2877 (2008); Leonard v. Enterprise Rent-a-Car, 279 F.3d 967, 972 (11th Cir. 2002). "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or

readily deducible from them, then the court has jurisdiction." Lowery, 483 F.3d at 1211.

Ethex and KV Pharmaceutical do not contend that, based on the allegations in the wrongful-death complaint, the jurisdictional amount was met as this court reasoned in Roe v, Michelin North America, Inc., 637 F. Supp. 2d 995 (M.D. Ala. 2009). Rather, they contend that this case is removable pursuant to 28 U.S.C. § 1446(b) based on later-received "other paper." More specifically, they contend that the following constitutes "other paper":

> "In order to confirm that Plaintiff was in fact seeking more than $ 75,000, exclusive of interest and costs, Defendants jointly made an offer of judgment to Plaintiff in the amount of $ 76,000, plus costs. ... Plaintiff failed to respond to this offer within the ten days required by [Ala.R.Civ.P.] 68, thus resulting in the withdrawal of the offer. Plaintiff's failure to accept Defendants' offer of judgment confirms that the amount in controversy in this case exceeds $ 75,000, exclusive of interest and costs."

Notice of removal (doc. no. 1), at 4. Assuming that the above exchange constitutes "other paper," the court

3

cannot say that the jurisdictional amount either is "stated clearly" on the face of the exchange or is "readily deducible" from it, as required by Lowery.

\*\*\*

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff James Steadman, Jr.'s motion to remand (doc. no. 19) is granted and that, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Barbour County, Alabama, for want of subject-matter jurisdiction.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 4th day of February, 2010.

　　　　　　　　　　　　/s/ Myron H. Thompson
　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE